**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCUS BRENT FIELDS, | No. 24-7278 |
| Plaintiff - Appellant, | D.C. No. 2:23-cv-02488-DAD-CKD |
| v. | MEMORANDUM* |
| JEFF LYNCH, Warden; MEADOWS, First Name Unknown, Correctional Officer-Sergeant; ANDRICHUKS, First Name Unknown, Psychologist; J. MACOMBER, Secretary, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 26, 2026**

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

California state prisoner Marcus Brent Fields appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

claims concerning his cell assignment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Fields's action because Fields failed to allege facts sufficient to establish deliberate indifference or supervisory liability. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that, to establish Eighth Amendment liability, a plaintiff must show that a defendant knew of and disregarded an excessive risk to inmate health or safety); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a supervisor is liable under § 1983 only if they are personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Fields's motions to appoint counsel because Fields did not demonstrate exceptional circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and "exceptional circumstances" requirement for appointment of counsel).

All pending motions are denied.

**AFFIRMED.**